1

2

3                                                              O

4

5

6                                              JS - 6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,    )  Case No. [CR 09-00364 DDP]
                                 )  ==CV 11-04351 DDP== ✓
12              Plaintiff,       )
                                 )  **ORDER DISMISSING PETITION WITHOUT**
13     v.                        )  **PREJUDICE**
                                 )
14  MICAH FENTON FACEY,          )  [Criminal Docket No. 52]
                                 )
15              Defendant.       )  [Civil Docket No. 3]
    _____ )

16

17       Presently before the court is Petitioner Micah Fenton Facey's

18  Petition for Post Conviction Relief Pursuant to Title 8 United

19  States Code Section 1326(d) ("Petition").  Having reviewed the

20  Petitioner's submissions, the court dismisses the Petition without

21  prejudice and adopts the following Order.

22       In 2009, the court accepted Petitioner's plea of guilty to one

23  count of illegal reentry in violation of 8 U.S.C. § 1326.  The

24  court then sentenced Defendant to a 46-month prison term.  On May

25  23, 2011, Petitioner filed this Petition for Post Conviction

26  Relief, arguing that the 1990 deportation hearing underlying his

27  illegal reentry conviction is invalid under § 1326(d).

28  ///

1    Section 1326(d) sets forth requirements to collaterally attack

2 an underlying deportation order during a criminal proceeding for

3 illegal reentry under § 1326.  As discussed, Petitioner has already

4 pled guilty and been sentenced in his criminal proceeding.  It is

5 therefore unclear what the basis is for this Petition - i.e.

6 whether Petition is seeking a writ of habeas corpus pursuant to 28

7 U.S.C. § 2241, or some other relief.  Section 1326(d) alone does

8 not provide any basis for post-conviction relief.

9    The court further notes that at least one district court has

10 held that a guilty plea to illegal reentry precludes a § 1326(d)

11 collateral attack on the underlying deportation order.  See Wong v.

12 Ashcroft, 369 F. Supp. 2d 483, 487-88 (S.D.N.Y. 2005).  As the

13 court then explained, however, a petitioner "retains the right to

14 argue that his plea was not knowing and voluntary" - for instance,

15 due to ineffective assistance of counsel.  Id. at 488.  The court

16 therefore allowed petitioner to amend his petition to assert such a

17 claim, after finding that the claim "related back" to his original

18 petition.  See id. at 489-90.

19    Accordingly, because Petitioner here has not articulated any

20 ground for seeking post-conviction relief, the court hereby

21 dismisses the Petition.  The dismissal, however, is without

22 prejudice, since it is possible that Petitioner could allege a

23 valid basis for relief in an amended petition.

24

25 IT IS SO ORDERED.

26 Dated: May 15, 2012

27                                    DEAN D. PREGERSON
                                     United States District Judge

28

2